UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Georgina L. P.,<br><br>      Plaintiff,<br><br>v.<br><br>Leland Dudek,<br>Acting Commissioner of Social Security,<br><br>      Defendant. | Case No. 24-cv-280 (TNL)<br><br>**ORDER** |

Carol Louise Lewis, Carol Lewis Attorney at Law, 1015 West Saint Germain Street, Suite 320, Saint Could, MN 56301 (for Plaintiff); and

Ana H. Voss, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415; James D. Sides and Sophie Doroba, Social Security Administration, Office of Program Litigation, Office 4, 6401 Security Boulevard, Baltimore, MD 21235 (for Defendant).

## I. INTRODUCTION

Plaintiff Georgina L. P. brought this action to challenge Defendant Commissioner of Social Security's denial of her applications for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401, and supplemental security income under Title XVI of the same, 42 U.S.C. § 1381. The parties have consented to a final judgment from the undersigned United States Magistrate Judge in accordance with 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and D. Minn. LR 72.1(c).

Per the Federal Rules of Civil Procedure's Supplemental Rules governing actions seeking judicial review of the Commissioner's decision, this action "is presented for

1

decision by the parties' briefs." Fed. R. Civ. P. Supp. SS Rule 5. Rather than filing a brief as provided in amended Rule 5, Plaintiff filed a Motion for Summary Judgment, ECF No. 5, which is no longer the procedure and has not been for some time now. Defendant properly filed a brief requesting the Commissioner's decision be affirmed, *see* ECF No. 11.

For the reasons set forth below, the Court denies Plaintiff's motion, grants Defendant's request for relief, and affirms the Commissioner's decision.

## II.  PROCEDURAL HISTORY

Plaintiff alleged that she has been disabled since May 9, 2018, due to bipolar, generalized anxiety disorder, post-traumatic stress disorder, pain, and sciatica. Tr. 493, 555, ECF No. 4. Plaintiff's applications were denied initially and again upon reconsideration. Tr. 293-97, 306-12. Plaintiff requested a hearing before an administrative law judge ("ALJ"), and a hearing was held in July 2021 after which the ALJ issued a decision in August 2021 finding Plaintiff not disabled. Tr. 86-121, 258-78.

The Appeals Council vacated and remanded the ALJ's August 2021 decision. Tr. 287-89. A second hearing before the ALJ was held in February 2023. Tr. 52-85. That same month, the ALJ issued a decision finding Plaintiff not disabled. Tr. 22-43. Plaintiff again appealed the ALJ's second decision to the Appeals Council who denied her request for review. Tr. 1-5. As a result, the ALJ's February 2023 decision became the final decision of the Commissioner subject to judicial review. *See* 42 U.S.C. § 405(g).

## III.  THE ALJ's DECISION

In his February 2023 decision, the ALJ found that Plaintiff satisfied the insured status requirements of the Social Security Act through December 31, 2025. Tr. 24. While the ALJ did determine that there were periods of time in which Plaintiff engaged in substantial gainful activity, the ALJ nevertheless found a period of at least 12 months of no disqualifying substantial gainful activity. Tr. 24-25. Thus, the ALJ next concluded that Plaintiff has the following severe impairments: multilevel cervical disc protrusions with mild canal and foraminal stenosis; lumber disc protrusion/disc osteophyte complex at L4 and S1 with slight foraminal stenosis; major depressive disorder; anxiety disorder; and post-traumatic stress disorder. Tr. 25-26. The ALJ further concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments under 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 26.

Moving to Plaintiff's residual functional capacity, the ALJ found that Plaintiff has the residual functional capacity to perform light work, subject to the following mental limitations at issue: Plaintiff "can understand, remember, and carry out routine and repetitive 3-4 step and detailed tasks with reasonably sustained persistence and pace. She can tolerate occasional interactions with supervisors. She can tolerate routine stresses of a routine, repetitive 3-4 step or limited detailed work setting on a sustained basis." Tr. 29-30. The ALJ next determined that Plaintiff is not able to perform any past relevant work, Tr. 41, but can perform other jobs in the national economy that exist in significant numbers after considering Plaintiff's age, education, work experience, and residual functional

capacity. Tr. 42. Therefore, the ALJ concluded that Plaintiff had not been disabled from May 9, 2018 through the date of the ALJ's February 2023 decision. Tr. 42-43.

## IV. ANALYSIS

### A. Legal Standards

Disability benefits are available to individuals who are determined to be under a disability. 42 U.S.C. §§ 423(a)(1), 1381a; *accord* 20 C.F.R. §§ 404.315, 416.901. An individual is considered to be disabled if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *accord* 42 U.S.C. § 1382c(a)(3)(A); *see also* 20 C.F.R. §§ 404.1505(a), 416.905(a). This standard is met when a severe physical or mental impairment, or impairments, renders the individual unable to do her previous work or "any other kind of substantial gainful work which exists in the national economy" when considering her age, education, and work experience. 42 U.S.C. § 423(d)(2)(A); *accord* 42 U.S.C. § 1382c(a)(3)(B); *see also* 20 C.F.R. §§ 404.1505(a), 416.905(a).

Disability is determined according to a five-step, sequential evaluation process. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

> To determine disability, the ALJ follows the familiar five-step process, considering whether: (1) the claimant was employed; (2) she was severely impaired; (3) her impairment was, or was comparable to, a listed impairment; (4) she could perform past relevant work; and if not, (5) whether she could perform any other kind of work.

4

*Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010). In general, the burden of proving the existence of disability lies with the claimant. 20 C.F.R. §§ 404.1512(a), 416.912(a). Once the claimant demonstrates that she cannot perform past work due to a disability, "the burden of proof shifts to the Commissioner to prove, first that the claimant retains the residual functional capacity to do other kinds of work, and, second that other work exists in substantial numbers in the national economy that the claimant is able to do." *Nevland v. Apfel*, 204 F.3d 853, 857 (8th Cir. 2000).

This Court reviews whether the ALJ's decision is supported by substantial evidence in the record. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). "[T]he threshold for such evidentiary sufficiency is not high." *Id.* "It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted); *see, e.g.*, *Chismarich v. Berryhill*, 888 F.3d 978, 979 (8th Cir. 2018) (defining "substantial evidence as less than a preponderance but enough that a reasonable mind would find it adequate to support the conclusion" (quotation omitted)).

This standard requires the Court to "consider both evidence that detracts from the [ALJ's] decision and evidence that supports it." *Boettcher v. Astrue*, 652 F.3d 860, 863 (8th Cir. 2011); *see Grindley v. Kijakazi*, 9 F.4th 622, 627 (8th Cir. 2021). The ALJ's decision "will not [be] reverse[d] simply because some evidence supports a conclusion other than that reached by the ALJ." *Boettcher*, 652 F.3d at 863; *Perks v. Astrue*, 687 F.3d 1086, 1091 (8th Cir. 2012). "The court must affirm the [ALJ's] decision if it is supported by substantial evidence on the record as a whole." *Chaney v. Colvin*, 812 F.3d 672, 676 (8th Cir. 2016) (quotation omitted). Thus, "[i]f, after reviewing the record, the court finds

it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision." *Perks*, 687 F.3d at 1091.

### B. Appeals Council's Remand Order

Plaintiff's brief mostly asserts that the ALJ's February 2023 decision did not comply with the Appeals Council's remand order. *See* Pl.'s Mem. in Supp. at 3-13, ECF No. 6. Courts in this district and other district courts in this Circuit have all concluded that the question of whether an ALJ complied with the Appeals Council's instructions in a remand order is not subject to judicial review. *See Jason M. G. v. O'Malley*, No. 23-cv-84 (JFD), 2024 WL 1095915, at *5 (D. Minn. Mar. 13, 2024) ("Title 42 U.S.C. § 405(g) authorizes judicial review only to determine whether substantial evidence supports the Commissioner's factual findings and whether the ALJ committed an error of law."); *Vanepps v. Comm'r of Soc. Sec.*, No. C18-5-LTS, 2019 WL 1239857, at *7 (N.D. Iowa Mar. 18, 2019) ("Because 42 U.S.C. § 405(g) authorizes judicial review solely to determine whether substantial evidence supports the Commissioner's decision and whether that decision comports with relevant legal standards, the question of whether the ALJ complied with the Appeals Council's remand order is not subject to judicial review."); *King v. Berryhill*, No. 5:16-CV-00079 (SWW/JTR), 2017 WL 1095087, at *2 (E.D. Ark. Feb. 24, 2017) (concluding that an ALJ's failure to comply with the Appeals Council's remand order was "an internal agency issue that became moot when the Appeals Council later *declined* to review the ALJ's . . . decision"), *report and recommendation adopted*, 2017 WL 1100432 (E.D. Ark. Mar. 22, 2017); *Sanders v. Astrue*, No. 4:11-CV-1735

(RWS/TIA), 2013 WL 1282330, at *11 (E.D. Mo. Feb. 8, 2013) ("The issue [of] whether an ALJ complied with a remand order evaporates when the Appeals Council adopts the ALJ's decision as the Commissioner's final decision; with that action, the Appeals Council implicitly acknowledges that the ALJ's decision is compliant with the remand order."), *report and recommendation adopted*, 2013 WL 1281998 (E.D. Mo. Mar. 27, 2013). The Court agrees with these persuasive and instructive decisions. Thus, the only issue here for judicial review pursuant to 42 U.S.C. § 405(g) is whether substantial evidence supports the ALJ's mental residual functional capacity finding and corresponding vocational expert testimony. *See Jason M. G.*, 2024 WL 1095915, at *5; *Vanepps*, 2019 WL 1239857, at *7.

### C. Plaintiff's Mental Residual Functional Capacity

Although Plaintiff's first argument up for review is not specific as she does not identify any limitation that she believes is missing from her residual functional capacity determination, it appears that she is generally arguing that the ALJ's mental residual functional capacity determination is not supported by substantial evidence. *See* Pl.'s Mem. in Supp. at 15.

A claimant's "residual functional capacity is the most [she] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a)(1); *accord* 20 C.F.R. § 416.945(a)(1); *see McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir. 2011) ("A claimant's [residual functional capacity] represents the most [s]he can do despite the combined effects of all of h[er] credible limitations and must be based on all credible evidence."); *see also Schmitt v. Kijakazi*, 27 F.4th 1353, 1360 (8th Cir. 2022)."Because a claimant's [residual functional capacity] is a medical question, an ALJ's assessment of it must be supported by some medical evidence

7

of the claimant's ability to function in the workplace." *Perks*, 687 F.3d at 1092 (quotation omitted).

The residual-functional-capacity determination "is a decision reserved to the agency such that it is neither delegated to medical professionals nor determined exclusively based on the contents of medical records." *Noerper v. Saul*, 964 F.3d 738, 744 (8th Cir. 2020); *see also* 20 C.F.R. §§ 404.1546(c), 416.946(c). "An ALJ determines a claimant's [residual functional capacity] based on all the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of her limitations." *Combs v. Berryhill*, 878 F.3d 642, 646 (8th Cir. 2017) (quotation omitted). Plaintiff bears the burden to establish her residual functional capacity. *Mabry v. Colvin*, 815 F.3d 386, 390 (8th Cir. 2016).

The ALJ determined that Plaintiff has the mental residual functional capacity to "understand, remember, and carry out routine and repetitive 3-4 step and detailed tasks with reasonably sustained persistence and pace. She can tolerate occasional interactions with supervisors. She can tolerate routine stresses of a routine, repetitive 3-4 step or limited detailed work setting on a sustained basis." Tr. 29-30. In reaching the above mental residual functional capacity determination, the ALJ considered the entire record, including Plaintiff's conservative treatment, objective medical findings, medical source observations, prior administrative medical findings, Plaintiff's own testimony and complaints, and her reported hobbies and activities. *See* Tr. 28, 30-38. The ALJ cited to substantial evidence supporting Plaintiff's mental residual functional capacity. *See* Tr. 28, 30-38 (citing Tr. 145-90, 199-254, 590-98, 768-69, 781-83, 848-60, 868-74, 881-82, 875-

80, 883-89, 890-95, 905-10, 912-13, 915-19, 922-26, 928-29, 931-37, 938-58, 1018-25, 1041-45, 1047-50, 1056-59, 1060-62, 1067-78, 1087-99, 1115-26, 1128-43, 1145-51, 1154, 1156-63, 1175-84, 1186-91, 1222, 1225-28, 1232-35, 1249, 1251-56, 1258, 1262, 1270, 1275, 1283, 1315, 1360, 1406, 1436, 1457, 1463, 1466-67, 1481, 1483, 1660, 1603, 1638, 1676, 1718, 1772, 1784, 1881, 1990). Plaintiff failed to meet her burden and substantial evidence supports the ALJ's mental residual functional capacity determination.

### D. Vocational Expert Testimony

Plaintiff next briefly argues that the hypothetical question to the vocational expert is not supported by substantial evidence. *See* Pl.'s Mem. in Supp. at 15. "The ALJ's hypothetical question to the vocational expert needs to include only those impairments that the ALJ finds are substantially supported by the record as a whole." *See Lacroix v. Barnhart*, 465 F.3d 881, 889 (8th Cir. 2016) (quotation omitted). *See Cynthia D. v. Kijakazi*, No. 20-cv-1886 (BRT), 2022 WL 1715187, at *5 (D. Minn. Jan. 3, 2022) ("For a hypothetical to be proper at step five, it would need to present the limitations described from a supported [residual functional capacity]."); *Howard v. Massanari*, 255 F.3d 577, 582 (8th Cir. 2001) ("Testimony from a vocational expert based on a properly-phrase hypothetical constitutes substantial evidence.").

The hypothetical question included all of Plaintiff's limitations that the ALJ found and put forth in Plaintiff's residual functional capacity. *See* Tr. 73-81. Put another way, the hypothetical question to the vocational expert mirrored Plaintiff's residual functional capacity. As already determined above, the ALJ's residual functional capacity determination for Plaintiff is supported by substantial evidence. Therefore, the Court

9

concludes that the hypothetical question was proper and the vocational expert's testimony constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff is not disabled. It follows that a remand is not appropriate in this matter.

In sum, substantial evidence supports the ALJ's residual functional capacity determination and the corresponding hypothetical question.

## V. CONCLUSION

Based upon the record, memoranda, and proceedings herein, and for the reasons stated above, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Summary Judgment, ECF No. 5, is **DENIED**.

2. Defendant's request for relief, ECF No. 11, is **GRANTED**.

3. The Commissioner's decision is **AFFIRMED.**

LET JUDGMENT BE ENTERED ACCORDINGLY.


Date: March 26, 2025                         *s/ Tony N. Leung*
                                             Tony N. Leung
                                             United States Magistrate Judge
                                             District of Minnesota

                                             *Georgina L. P. v. Dudek*,
                                             Case No. 24-cv-280 (TNL)